UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN EARLY,

                    Plaintiff,

-against-

MY MECHANIC AUTO REAPIR, et al.,

                    Defendants.

24-CV-672 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Before the Court is Plaintiff's motion for default judgment against Defendant My Mechanic Auto Repair. For the reasons stated herein, the Court GRANTS default judgment for violations of the Copyright Act and Digital Millennium Copyright Act ("DMCA") and refers the matter to Magistrate Judge Parker for an inquest on damages, attorneys' fees and costs.

      On January 30, 2024, this action was commenced by the filing of a Complaint. ECF No. 1 ("Compl."). On February 8, 2024, a copy of the Complaint and Summons was served on Defendant My Mechanic Auto Repair by service at Defendant's business address, and proof of such service was filed on February 14, 2024. ECF No. 10. Defendant My Mechanic Auto Repair has failed to answer, appear, or otherwise move with respect to the Complaint. On May 9, 2024, the Court ordered Defendant My Mechanic Auto Repair to show cause as to why default judgment should not be entered against Defendant. ECF No. 20. The Order to Show Cause was served on Defendant, ECF No. 21, and Defendant failed to respond.

      Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted

liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id*. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Therefore, while a defendant who has default entered against him is deemed to have admitted the facts in the complaint, see Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013), the district court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019). Therefore, the Court turns to the elements of the copyright claim alleged in the complaint:

To establish a violation of the Copyright Act, 17 U.S.C. § 501, the plaintiff must demonstrate his ownership of a valid copyright and defendant's infringement – that is, copying of original elements of the copyrighted work. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010); *Malibu Media, LLC v. Doe*, No. 15-CV-2624 (ER), 2015 WL 6116620, at *3 (S.D.N.Y. Oct. 16, 2015).

Both elements are met here. (1) Plaintiff asserts that he owns a valid copyright to the photograph (*see* ECF No. 17-1) and (2) the Complaint alleges that Defendant infringed Plaintiff's copyright by reproducing and publicly displaying the photograph on its website. Compl. ¶ 14. Accordingly, the Court finds that Plaintiff has shown a prima facie case for copyright infringement.

To establish a violation of the Digital Millennium Copyright Act 17 U.S.C. § 1202, the plaintiff must demonstrate the existence of copyright management information (such as a watermark or identification of the copyright owner) and intentional removal and/or alteration of that information. *Myeress v. Elite Travel Grp*. USA, No. 18-CV-340 (AJN), 2018 WL 5961424, at *2 (S.D.N.Y. Nov. 14, 2018).

These elements are met here. Plaintiff asserts that Defendant removed copyright management information identifying Plaintiff as the author of the photograph before publishing the photograph on Defendant's website. Compl. ¶¶ 29–33. Accordingly, the Court finds that Plaintiff has met each element for a violation of 17 U.S.C. § 1202(b).

For the reasons stated herein, the Court GRANTS default judgment for violations of the Copyright Act and DMCA and refers the matter to Magistrate Judge Parker for an inquest on damages, attorneys' fees and costs.

The Clerk of Court is directed to terminate ECF No. 15.

Dated:  June 10, 2024
        New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge